**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMRO ELKABANY,<br><br>Appellant,<br><br>v.<br><br>SUMINTRA BALCHAN-ELKABANY and MARIE-ANN E. GREENBERG *as Chapter 13 Standing Trustee*,<br><br>Appellees. | Civil Action No. 26-8706 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court are *pro se* appellant Amro N. Elkabany's ("Amro") appeal from the Bankruptcy Court (ECF No. 1),[1] motion for a stay pending appeal (ECF No. 6), and motion to appoint *pro bono* counsel (ECF No. 18). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure[2] 78 and Local Civil Rule 78.1. For the reasons set forth below, Amro's appeal (ECF No. 1) and motions (ECF Nos. 6, 18) are **DENIED**.

## I. BACKGROUND

Appellee Sumintra Balchan-Elkabany ("Sumintra") filed for divorce from Amro in New Jersey Superior Court–Family Part in 2023. *See* Opinion at 7, *Balchan-Elkabany v. Elkabany*, No. FM-17-92-24 (N.J. Super. Ct., June 27, 2025). On June 27, 2025, the Family Part judge[3] granted Sumintra a judgment of divorce. *Id.* at 82. The judge ordered Sumintra and Amro's former marital

---

[1] Amro appeals the Order of Dismissal entered by the Hon. John K. Sherwood, U.S.B.J., on July 10, 2026. (*See* Notice of Appeal at 2, ECF No. 1.).

[2] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[3] Hon. Louis C. Shapiro, J.S.C.

home ("Home") to be listed for sale within forty-five days. *Id.* The parties would receive a fifty-fifty share of the net equity from the sale after fees and closing costs. *Id.* at 83. The judge equitably distributed "one hundred percent of" Amro's Small Business Administration ("SBA") loan debt to Amro. *Id.* at 51. And the judge ordered Amro to make weekly spousal support payments for six years. *Id.* at 83. Amro, however, did not cooperate with the sale of the Home, causing delay. *See* Order at 2–3, *Elkabany*, No. FM-17-92-24 (N.J. Super. Ct., Jan. 28, 2026). Amro also failed to make spousal support payments. *Id.* at 4–5.

On May 4, 2026, Amro filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of New Jersey. (*See* Bankr. Pet., Bankr. ECF No. 1.[4]) This automatically stayed proceedings related to the sale of the Home. *See* 11 U.S.C. § 362(a); *In re Siciliano*, 13 F.3d 748, 750 (3d Cir. 1994) ("The Bankruptcy Code states that a bankruptcy petition operates as a stay of all enforcement proceedings against the debtor.") Sumintra moved for relief from the automatic stay to allow her to sell the Home, which the Bankruptcy Judge[5] granted on May 26, 2026. (*See* Order Granting Relief, Bankr. ECF No. 28.)

A month later, on June 25, 2026, Sumintra moved to convert Amro's Chapter 13 Petition into a Chapter 7 proceeding or dismiss the Petition entirely as filed in bad faith to avoid selling the Home and paying spousal support. (*See* Sumintra Moving Br., Bankr. ECF No. 45-4.) Sumintra also requested, if Amro's Petition was dismissed, that the Bankruptcy Court impose a filing bar on Amro. (*Id.* at *3.) Amro opposed the motion. (*See* Amro Opp'n, Bankr. ECF No. 51.)

[4] Citations to "ECF No." refer to docket entries filed in this appeal, *Elkabany v. Balchan-Elkabany*, No. 26-8706 (D.N.J.) Citations to "Bankr. ECF No." refer to docket entries filed in the underlying Bankruptcy case, *In re Elkabany*, No. 26-15034 (Bankr. D.N.J).

[5] On September 9, 2026, the case was reassigned to the Hon. Christine M. Gravelle.

The Bankruptcy Judge heard oral argument from both parties on July 9, 2026. (*See* Tr., ECF No. 11-1.) When the Bankruptcy Judge asked about whether he should dismiss the case, Sumintra's counsel responded: "Your Honor, as long as there is a filing bar, I'll accept a dismissal. This debtor has made it very clear he intends to interfere with the sale of this property, and if the case gets dismissed, a filing bar is the only way to protect my client." (*Id.* at 11:7–11.) Then, the Bankruptcy Judge granted Sumintra's motion to dismiss, stating:

> Yes, I think I'm going to dismiss the case, okay? And I'm going to bar you from filing Chapter 13 or Chapter 11 or under any Chapter for 180 days. Go and deal with in State Court. This . . . case was filed primarily to sort of circumvent State Court orders that you're not happy with. You've appealed through the Appellate Division to the Supreme Court, and now you want me to sort of give you more time. I don't see this as a viable Chapter 13. You know what, after six months, you might file a Chapter 7, because you can discharge, I think, and . . . you've got to talk to an attorney, but you might be able to discharge all of your debts with the exception of the alimony debt.

(*Id.* at 11:12–24.)

Amro appealed the dismissal and filing bar to this Court. He argues the Bankruptcy Judge erred in (1) dismissing the Petition when "the pending motion sought only conversion"; (2) dismissing the case without considering Amro's "timely-filed Response to the Trustee's Objection"; (3) not properly applying the "totality-of-the-circumstances standard under 11 U.S.C. § 1307(c) in finding cause to dismiss"; and (4) imposing a filing bar "without making the specific findings required to support that restriction." (*See* Amro Moving Br. at 5–6, ECF No. 9.) Sumintra opposed (*see* Sumintra Opp'n, ECF No. 10), and Amro replied (*see* Amro Reply, ECF No. 12). Amro also filed a motion to stay pending this appeal (*see* Mot. to Stay, ECF No. 6),[6] and a motion to appoint *pro bono* counsel (*see* Mot. to Appoint, ECF No. 18).[7]

[6] Sumintra opposed (ECF No. 7), and Amro replied (ECF No. 8).

[7] Sumintra opposed (ECF No. 19), and Amro replied (ECF No. 21).

## II. LEGAL STANDARD

The Court reviews a "bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re Klaas*, 858 F.3d 820, 827 (3d Cir. 2017) (quoting *In re Trans World Airlines, Inc.*, 145 F.3d 124, 131 (3d Cir. 1998)). The Court reviews the bankruptcy court's "decision to dismiss the bankruptcy case as a bad faith filing for abuse of discretion." *In re Myers*, 491 F.3d 120, 125 (3d Cir. 2007) (citing *In re SGL Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999). A finding of bad faith is "a fact intensive determination better left to the discretion of the bankruptcy court." *Id.* (quoting *In re Lilley*, 91 F.3d 491, 496 (3d Cir. 1996)). Abuse of discretion arises if a decision "rests on an incorrect legal standard, a clearly erroneous factual finding, or a misapplication of the law to the facts." *TD Bank N.A. v. Hill*, 928 F.3d 259, 270 (3d Cir. 2019). The Court may "affirm on any basis supported by the record, even if it departs from the [Bankruptcy] Court's rationale." *Id.* "An abuse of discretion is a clear error of judgment, and not simply a different result which can arguably be obtained when applying the law to the facts of the case." *Allen v. Banner Life Ins. Co.*, 340 F.R.D. 232, 237 (D.N.J. 2022) (quoting *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 240 (3d Cir. 2007)).

The Court is "flexible when applying procedural rules to *pro se* litigants" like Amro. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). But that flexibility has limits. *Id. Pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* at 245.

## III. DISCUSSION

### A. The Bankruptcy Appeal

Having reviewed the record, it is clear the Bankruptcy Judge did not abuse his discretion in dismissing Amro's Petition and imposing a filing bar.

None of Amro's arguments to the contrary has merit. ***First***, Amro claims Sumintra requested only conversion, not dismissal. But the first sentence of Sumintra's brief states Amro's "case must be converted *or dismissed* pursuant to 11 U.S.C. §1307(c)(11)." (Sumintra Moving Br. at *1 (emphasis added).) And Sumintra's brief expressly addressed dismissal as an alternative to conversion. (*See generally id.*) Moreover, Sumintra's proposed order referred to the motion as one to "dismiss/convert." (*See* Bankr. ECF No. 45-5.) So, Amro does not make a colorable argument that the Bankruptcy Judge granted a form of relief Sumintra did not ask for.

***Second***, Amro does not explain why the Bankruptcy Judge abused his discretion by not considering Plaintiff's argument about his responses to the Trustee. The law "does not require courts to provide an exhausting analysis of every minor argument that parties raise." *Gutierrez v. Johnson & Johnson*, 743 F. Supp. 2d 418, 423–24 (D.N.J. 2010). "Rather, it is left to the 'the judge's own professional judgment,' whether to address a particular argument or not." *Id.* at 424. In opposition to Sumintra's motion to convert or dismiss, Amro briefly asserted that the Bankruptcy Judge "should" consider his responses to the Trustee because they "may" resolve the motion to convert or dismiss. (*See* Amro Opp'n at 4, Bankr. ECF No. 51.) Amro did not explain, then or now, why the Bankruptcy Judge *must* consider this argument.

***Third***, the Bankruptcy Judge did not abuse his discretion in dismissing Amro's Petition as filed in bad faith. A bankruptcy petition "made in bad faith may be dismissed 'for cause' under 11 U.S.C. § 1307(c)." *In re Myers*, 491 F.3d at 125. The Bankruptcy Court must consider "the totality of the circumstances to determine bad faith." *Id.* These circumstances include:

> [T]he nature of the debt . . . ; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors.

*Id.* (alterations in original) (quoting *In re Lilley*, 91 F.3d at 496). "[A] bankruptcy filing during the pendency of related state court litigation is not necessarily in bad faith." *Id.* However, bad faith exists where "the purpose of the bankruptcy filing is to defeat state court litigation without a reorganization purpose." *Id.* (quoting *In re Dami*, 172 B.R. 6, 10 (Bankr. E.D. Pa. 1994)). "[I]t is appropriate for a bankruptcy court to assess the debtor's purpose and, if that purpose is to frustrate another court's jurisdiction, to consider it in the bad faith inquiry." *Id.* at 126.

The Bankruptcy Judge did not abuse his discretion in finding Amro filed the Petition as a "mere tactic" to avoid an adverse judgment. *Id.* Indeed, the record supports the Bankruptcy Judge's conclusion, including Amro's history of non-compliance with his judgment of divorce; his refusal to participate in selling the Home; his many filings and appeals in this and the Family Part case; and his concession in his bankruptcy petition that the Home was scheduled to be sold "within days," and "[i]mmediate filing of this bankruptcy petition is necessary to invoke the automatic stay and prevent irreparable harm, including the imminent transfer of ownership of my property." (*See* Bankr. Pet. at *11.) The Court cannot say that, on this record, the Bankruptcy Judge erred in finding Amro used his petition to avoid the sale of his house and payment of spousal support.

***Fourth***, the Bankruptcy Judge did not abuse his discretion by imposing the 180-day filing bar. "Bankruptcy courts possess a general statutory authority to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of' the Bankruptcy Code." *In re Ross*, 858 F.3d 779, 783 (3d Cir. 2017) (quoting 11 U.S.C. § 105(a)). And bankruptcy courts have the "inherent power to sanction abusive litigation practices." *Id.* (cleaned up) (quoting *Law v. Siegel*, 571 U.S. 415, 421 (2014)). The decision to impose a filing bar is reviewed for abuse of discretion. *See id.* at 786.

"A filing injunction that exceeds 180 days is proper when debtors abuse the bankruptcy system." *In re Sun*, 673 B.R. 608, 626 (Bankr. D.N.J. 2025). Here, the Bankruptcy Judge imposed a 180-day bar precisely because he found Amro filed his Petition to avoid his divorce obligations. (*See* Hearing Tr. 11:12–24.) Accordingly, on these facts, the Court finds the Bankruptcy Judge did not abuse his discretion.

Therefore, Amro's appeal (ECF No. 1) is **DENIED** and the rulings of the Bankruptcy Judge are **AFFIRMED**.[8] Correspondingly, Amro's motion for a stay pending appeal (ECF No. 6) is **DENIED as moot**.

### B. The Motion to Appoint Pro Bono Counsel

Civil litigants do not have the right to counsel. *Chew v. State*, No. 23-22676, 2026 WL 1894354, at *2 (D.N.J. July 1, 2026) ("[T]here is no constitutional right to counsel for civil litigants . . . ."). However, 28 U.S.C. § 1915(e)(1) allows the Court to appoint "an attorney to represent any person unable to afford counsel." The Court has "broad discretion to determine whether appointment of counsel is warranted, and the determination must be made on a case-by-case basis." *Tabron v. Grace*, 6 F.3d 147, 157–58 (3d Cir. 1993).

Appointing *pro bono* counsel follows a two-step inquiry. First, the Court must "assess whether the claimant's case has some arguable merit in fact and law." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). If the answer is "yes," then the Court considers, among other factors:

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

[8] The issues as presented by Amro are whether the Bankruptcy Court: erred in dismissing Debtor's Chapter 13 case under 11 U.S.C. § 1307(c); properly applied the totality-of-the-circumstances standard under 11 U.S.C. § 1307(c); appropriately imposed the 180-day bar on refiling; erred in entering an Order of Dismissal when the pending motion sought only conversion to Chapter 7 under 11 U.S.C. § 1307(c). (*See* Notice of Appeal at 2.)

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses;

(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155–56, 157 n.5). These factors are "not meant to be exhaustive." *Tabron*, 6 F.3d at 157.

Amro's motion fails at the threshold because, as discussed above, his appeal does not have "arguable merit." *Pinchak*, 294 F.3d at 499. The Bankruptcy Judge did not abuse his discretion in dismissing Amro's Petition and imposing a temporary filing ban. Accordingly, Amro's motion for pro bono counsel is **DENIED**.[9]

## IV. CONCLUSION

For the foregoing reasons, Amro's appeal (ECF No. 1), motion for a stay pending appeal (ECF No. 6), and motion to appoint *pro bono* counsel (ECF No. 18) are **DENIED**. An appropriate Order accompanies this Opinion.

**DATED:** 11/13/2026

**JULIEN XAVIER NEALS**
**United States District Judge**

[9] Amro also seeks relief from the Family Part's October 23, 2023 Order granting Sumintra's "request that an arrest warrant be issued if [Amro] continues noncompliance with court orders." (*See* Mot. to Appoint; Oct. 23, 2023 Order, ECF No. 19-1.)

Amro's request, however, falls outside the scope of his bankruptcy appeal. Federal courts have "limited jurisdiction," and may hear only cases where "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). 28 U.S.C. § 158(c) allows district courts to hear appeals from "final judgments, orders, and decrees" from the bankruptcy court, as well as certain interlocutory orders. To the extent Amro's arguments "concern issues that were the subject of other legal proceedings," they "fall outside the scope of this appeal." *In re Rivera*, 825 F. App'x 61, 62 (3d Cir. 2020). Even if Amro's arguments about the propriety of his family court proceedings fell within the scope of his bankruptcy appeal, Amro does not explain how he is entitled to any form of relief. *See, e.g.*, *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (setting forth preliminary injunction factors).